UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SUSAN GARCIAFANJUL,

    Plaintiff,

vs.

CCB CREDIT SERVICES, INC.,

    Defendant.

Case No. 21-cv-267

## COMPLAINT

NOW COMES Plaintiff Susan Garciafanjul, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant CCB Credit Services, Inc., and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the illegal collection attempts of Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## Parties

7. Plaintiff Susan Garciafanjul (hereinafter "Plaintiff") is a natural person who resides in the County of Kenosha, State of Wisconsin.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant CCB Credit Services, Inc. ("Defendant") is a company with an office address at 5300 S. 6th Street, Springfield, IL 62703. Defendant's registered agent is Donna L. Ragsdale, at the same address.

10. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

## BACKGROUND

11. On February 18, 2021, Defendant sent a collection letter to the Plaintiff.

12. The alleged debt that the Defendant was attempting to collect that had previously been fully satisfied and released, and therefore does not exist.

13. Plaintiff grew distressed and concerned by the collection attempt, incurring actual damages in the form of emotional distress, along with other actual damages.

14. Plaintiff contacted Defendant and conveyed information that the debt was not owed and provided details related to this position.

15. Defendant had actual and/or constructive knowledge that the alleged underlying debt was not owed. Defendant was not deterred by this evidence, but proceeded to engage in additional collection attempts on the non-existent debt.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

16. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

17. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

18. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to Plaintiff.

19. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which it did in the above reference actions.

20. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which it did in the above reference actions.

21. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which it did in the above reference actions.

22. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which it did in the above reference actions.

23. Plaintiff has suffered actual damages as a result of these illegal collection communications, as stated above.

24. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. 427.104)

25. Plaintiff incorporates by reference all the foregoing paragraphs.

26. Wis. Stat. 427.104(1)(h) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

27. Defendant violated Wis. Stat. 427.104(1)(h) when Defendant engaged in the above referenced collection attempts.

28. Wis. Stat. 427.104(1)(i) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (i) Use obscene or threatening language in communicating with the customer…"

29. Defendant violated Wis. Stat. 427.104(1)(i) when Defendant used harassing and threatening language with Plaintiff, when they engaged in the above referenced collection attempts.

30. Plaintiff suffered actual damages as result of Defendant's violations of Wis. Stat. 427.104(1)(h) and Wis. Stat. 427.104(1)(j).

31. Plaintiff is entitled to all of the remedies identified in Wis. Stat. 427.105 and Wis. Stat. 425.304.

### Trial by Jury

Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. For an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. 427.105 and 425.304; and
E. For such other and further relief as may be just and proper.

Dated this 26th day of February, 2021.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com
*Attorneys for the Plaintiff*